NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE HAMILTON, | No. 12-56736 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-02213-PA-MRW |
| v. | |
| S. WHITE, Correctional Lieutenant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 2, 2014 [**]

Before: GOULD, BERZON, and BEA, Circuit Judges.

Former California state prisoner Eugene Hamilton appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2003).  We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Hamilton's retaliation claim.  Hamilton failed to raise a genuine dispute of material fact as to whether defendant White was aware of Hamilton's grievance before White transferred Hamilton to another cell.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a § 1983 retaliation claim in the prison context).

The district court properly granted summary judgment on Hamilton's excessive force claim against defendants Milson, Morelli and Thomas.  Those defendants did not use force against Hamilton, and Hamilton has presented no facts from which it can reasonably be inferred that they caused or should have foreseen the use of pepper spray on Hamilton.  Thus, Hamilton failed to raise a genuine dispute of material fact as to whether these defendants acted "maliciously and sadistically for the very purpose of causing harm" when defendant Moening used pepper spray on Hamilton.  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

However, as to Moening, a case decided after the district court's decision,

*Furnace v. Sullivan*, 705 F.3d 1021, 1028-30 (9th Cir. 2013), is pertinent to the issues in this case. *Furnace* reversed summary judgment on an excessive force claim involving pepper spray, holding that, where pepper spray "was employed without significant provocation from [the plaintiff] or warning from the officers," the use of force was constitutionally excessive, and the officers were not entitled to summary judgment. As the facts in this case differ in ways that may be significant and the district court did not have the benefit of *Furnace* when it granted summary judgment on Hamilton's excessive force claim against defendant Moening, we remand to allow the court to reconsider this claim.

The district court did not abuse its discretion by denying Hamilton's motion to compel interrogatory responses. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hamilton's motion to include the judgment appealed from in his excerpts of record, received on October 12, 2012, is granted.

Each party shall bear its own costs on appeal.

3

**AFFIRMED in part, VACATED in part, and REMANDED.**